UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff(s),

    v.

RAMONT DARRELL JOHNSON,

    Defendant(s).
_____/

No. C 05-2655 PJH (Habeas Petition)
No. CR 04-0163 PJH (Criminal Case)

**ORDER DENYING MOTION FOR CORRECTION OF SENTENCE**

    Before the court is defendant/movant Ramont Johnson's motion for correction of sentence pursuant to 28 United States Code § 2255. Johnson was sentenced to 41 months in prison on February 9, 2005, following his conviction pursuant to a plea of guilty to bank robbery. At the time of sentencing, he was ordered to pay restitution in the amount of $13,600.80. This court set the schedule for restitution payments during the term of supervised release which will follow Johnson's incarceration, but did not set the schedule of payments to be made during his incarceration, ordering only that payments be made during incarceration through the Bureau of Prison's ("BOP") Inmate Financial responsibility Program ("IFRP").

    On March 31, 2005, the Ninth Circuit issued an opinion in *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), which held that district courts may not delegate to the BOP their responsibility to fix the terms for restitution payments during incarceration. Following issuance of this decision, this court revised its practice and its forms to encompass the fixing of custodial restitution payments. However, as pointed out by Johnson, this court did not comply with this requirement when imposing his sentence.

Johnson does not specify his own circumstances, but alleges that inmates who are permitted to work full time at his facility, earn "maintenance pay" at the rate of $5.25 a month. He requests that the court issue an order either relieving him of his restitution obligation during his confinement, or limiting the amount that he must pay to $10% of any earnings.

Even assuming that the *Gunning* decision applies to his sentence which was imposed prior to the date of the decision, Johnson's request must be denied. As the government argued in its opposition, a restitution order may not be challenged under 28 United States Code § 2255. *See United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) and *United States v. Thiele*, 314 F.3d 399 (9th Cir. 2002). Additionally, although not raised by either party, it is too late for the court to correct the sentence pursuant to Fed. R. Cr. P. 35(a), as that rule permits the court to act only within seven days following judgment. Johnson is simply without a remedy, having failed to raise the issue on a direct appeal of his sentence.

Moreover, the court would note that even if it had the authority to grant the relief Johnson seeks, it would not relieve Johnson of his restitution obligation during his confinement and it would follow its standard practice of setting custodial payments at no less than $25.00 per quarter. Thus, there would be nothing left of any maintenance pay in any event.

The motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2